# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBIN REEVES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-19-918-G |
| ALDI, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

On February 24, 2020, the Court ordered Plaintiff to show cause in writing on or before March 2, 2020, as to why this action should not be dismissed for her failure to comply with the Court's Order of February 4, 2020. *See* Doc. Nos. 8, 16. The Court advised Plaintiff that the failure to comply with the Court's Order would result in dismissal of Plaintiff's claims. *See* Doc. No. 16, at 2. As of this date, Plaintiff has not submitted a response to either order, requested an extension of time in which to comply, or otherwise contacted the Court regarding this lawsuit.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with [the federal rules of civil procedure] or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit has consistently interpreted Rule 41(b) as "permit[ting] courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court

undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order.[1] *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *see Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute her action and to comply with the Court's orders leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 3rd day of March, 2020.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236. Even if the statute of limitations has run on Plaintiff's claims, however, Plaintiff likely could rely on Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, to refile her claims within one year of dismissal. *See* Okla. Stat. tit. 12, § 100 (allowing plaintiffs one year to refile claims that failed on a ground other than on the merits, even if the statute of limitations has expired at the time of refiling).